| | |
|---|---|
| In re:<br><br>E-B DISPLAY COMPANY, INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>CASE NO. 23-60565 (TNAP)<br>(Jointly Administered)<br><br>Adv. Proceeding No. _____ |
| ROBERT S. BERNSTEIN, Liquidating Trustee of<br>E-B DISPLAY COMPANY, INC., et al.,<br><br>Plaintiff,<br><br>v.<br><br>PRO INDUSTRY US, INC.,<br><br>Defendant. | JUDGE TIIARA N.A. PATTON |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS
PURSUANT TO 11 U.S.C. §§ 544, 547, 548 AND 550**

Robert S. Bernstein (the "Trustee" or "Plaintiff"), in his capacity as liquidating trustee of

the Estate of E-B Display Company, Inc., et al. (the "Debtors"), by and through the undersigned

counsel, files this complaint (the "Complaint") to avoid and recover certain transfers against Pro

Industry, US Inc. (the "Defendant"). In support of this Complaint, Plaintiff hereby alleges, upon

information and belief, that:

**NATURE OF THE CASE**

1. This adversary proceeding is commenced pursuant to sections 544, 547, 548 and

550 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended, the "Bankruptcy

Code"), (1) to avoid and recover certain preferential transfers of property made by the Debtors to

---

[1] The Debtors in these Chapter 11 Cases are (i) E-B Display Company, Inc. (Tax ID 34-0861140); (ii) Rotolo Industries, Inc. (02-0655474); (iii) Rotolo Industries, L.L.C. (75-3051366) and (iv) Rotolo Investors, L.L.C. (75-3051359).

Defendant within ninety (90) days prior to the commencement of the Debtors' bankruptcy cases, (2) subject to proof, to avoid and recover certain fraudulent transfers made to Defendant or any other person or entity for whose benefit transfers were made within two (2) years (in respect of avoidance under the Bankruptcy Code) or four (4) years (in respect of avoidance under applicable state law) prior to the commencement of the Debtors' bankruptcy cases.

## JURISDICTION AND VENUE

2.      The United States Bankruptcy Court for the Northern District of Ohio (the "Court") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).  Venue is proper pursuant to 28 U.S.C. § 1409.  This adversary proceeding is a "core" proceeding that this Court has the statutory and constitutional power to hear and determine pursuant to, *e.g.* 11 U.S.C. § 157(b)(2).

3.      The statutory and legal predicates for the relief sought herein are sections 544, 547, 548, and 550 of the Bankruptcy Code, applicable provisions of state law, and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4.      The Trustee consents to the jurisdiction of this Court and to the entry of final orders or judgment by this Court.

## PROCEDURAL BACKGROUND

5.      On or about May 12, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

6.      On May 18, 2023, this Court entered an order for the joint administration of the Debtors' bankruptcy cases.

7. On January 10, 2024, the Debtors and the Official Committee of Unsecured Creditors (the "Committee") filed the *First Amended Joint Plan of Liquidation of the Debtors and Official Committee of Unsecured Creditors*, dated January 10, 2024 [Dkt. No. 254] (the "Plan").

8. On February 22, 2024, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming the First Amended Joint Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors* (the "Confirmation Order") [Dkt. No. 279] confirming the Plan.

9. The Plan provides for liquidation of the Debtors.

10. The Plan provides that holders of allowed general unsecured claims against the Debtors shall receive pro rata shares of net proceeds of the Assets (as defined in the Plan), if any, that remain after classes having a higher priority are paid in full. Accordingly, holders of allowed general unsecured claims will not be paid in full.

11. The Plan contemplates, among other things, the establishment of a liquidating trust (the "Liquidating Trust"), as governed by that certain Liquidating Trust Agreement, and the appointment of the Trustee.

12. Moreover, the Plan provides that the Trustee has the sole authority to "investigate and pursue Causes of Action (including Avoidance Actions) transferred to the Liquidating Trust." *See also* Article 4, Section 2.1 of the Plan.

13. Pursuant to the Plan and the Liquidating Trust Agreement, the Trustee's duties include bringing claims to avoid and recover transfers pursuant to sections 544, 547, 548 and 550 of the Bankruptcy Code.

## FACTUAL BACKGROUND

14.     The Debtors consist of four (4) separate legal entities that are in one way or another related to the company, E-B Display Company, Inc.

15.     In the ordinary course of business, the Debtors maintained business relationships with vendors, suppliers, distributors, and creditors.

16.     Defendant is an Illinois corporation with a principal office located at 147 S. Lawrence St., Cherry Valley, IL 61016 and an agent office located at 2146B S Archer Avenue, Chicago, IL 60616-1514.

17.     Prior to the Petition Date, the Debtors conducted business with the Defendant.

18.     The Trustee has completed an analysis of readily available information of the Debtors with respect to transfers made by any of the Debtors to Defendant from February 11, 2023, through and including May 12, 2023 (the "Preference Period").

19.     During the Preference Period, the Debtors continued to operate their business, including making transfers of property to various entities, in the form of checks, cashier's checks, wire transfers, ACH transfers, and the like.

20.     The Debtors made transfers of an interest in their property to or for the benefit of Defendant during the Preference Period in the total amount of not less than $338,280.00 (collectively, the "Transfers").  Pertinent details of those Transfers are set forth in the document attached hereto and incorporated herein as **Exhibit A**.

21.     During the course of this adversary proceeding, the Trustee may learn of additional Transfers made by the Debtors to Defendant.  It is the Trustee's intention to avoid and recover any and all Transfers made, subject to any meritorious affirmative defenses. The Trustee reserves its right to amend this Complaint to include: (i) further information regarding the Transfers, (ii)

additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, (v) additional causes of action authorized, and/or (vi) all other or further matters as are appropriate or as justice otherwise may require (collectively, the "Amendments"), that may become known to the Trustee at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to the date of filing of this Complaint.

**COUNT I**
**AVOIDANCE OF PREFERENTIAL TRANSFERS**
**PURSUANT TO 11 U.S.C. § 547**

22.     The Trustee hereby incorporates all preceding paragraphs by reference as if fully set forth herein.

23.     Pursuant to section 547 of the Bankruptcy Code, the Trustee may:

Based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c), avoid any transfer of an interest of the debtor in property-

(1)     to or for the benefit of a creditor;

(2)     for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3)     made while the debtor was insolvent;

(4)     made—
   (A)     on or within 90 days before the date of the filing of the petition; or
   (B)     between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5)     that enables such creditor to receive more than such creditor would receive if—
   (A)     the case were a case under chapter 7 of this title;

(B)　　the transfer had not been made; and

(C)　　such creditor received payment of such debt to the extent provided by the provisions of this title.

11  U.S.C. § 547(b).

24.　　On April 15, 2024, the Trustee served on Defendant a demand for repayment of the Transfers by Defendant or, in the alternative, a request that Defendant provide any information to the Trustee in support of defenses Defendant may assert to avoiding those Transfers.

25.　　On or about June 3, 2024, Defendant produced information pertaining to the Transfers or to transactions between the Debtors and Defendant.

26.　　Based upon the Trustee's review of the information provided by Defendant prior to filing this Complaint, and after performing its own due diligence evaluation of the reasonably knowable affirmative defenses under section 547(c) of the Bankruptcy Code to avoidance of transfers made to Defendant during the Preference Period, the Trustee has determined that it may avoid Transfers made to Defendant in an aggregate amount of $338,280.00 (the "Preferential Transfers") – even after taking into account those affirmative defenses, if any, that Defendant asserts and that the Trustee believes are meritorious.

27.　　Each of the Preferential Transfers was made by one or more of the Debtors to Defendant.

28.　　Each of the Preferential Transfers was made from one or more of the Debtors' bank accounts containing funds that the Debtors owned, and therefore each of the Preferential Transfers constituted transfers of an interest of the Debtors in property.

29.　　Each of the Preferential Transfers was made to or for the benefit of a creditor within the meaning of section 547(b)(1) of the Bankruptcy Code, because each Preferential Transfer reduced or satisfied an obligation or debt that one or more of the Debtors owed to Defendant.

30.     Each of the Preferential Transfers was made for or on account of an antecedent debt owed by one or more of the Debtors to Defendant.

31.     Each of the Preferential Transfers was made while the Debtors were insolvent, because the Debtors are presumed to be insolvent during the Preference Period pursuant to section 547(f) of the Bankruptcy Code.

32.     Each of the Preferential Transfers was made during the Preference Period, as shown on **Exhibit A**.

33.     As a result of each of the Preferential Transfers, Defendant received more than it would have received if (a) Defendant had participated in the distribution of the assets of the Debtors' bankruptcy estate pursuant to chapter 7 of the Bankruptcy Code, (b) the Preferential Transfers had not been made, and (c) Defendant received payment of its claim to the extent provided by the provisions of the Bankruptcy Code.

34.     Accordingly, the Trustee is entitled to avoid and set aside the Preferential Transfers pursuant to section 547 of the Bankruptcy Code.

35.     The Trustee respectfully requests entry of an order avoiding and setting aside the Preferential Transfers in the amount of $338,280.00.

## COUNT II
### AVOIDANCE OF CONSTRUCTIVELY FRAUDULENT TRANSFERS
### PURSUANT TO 11 U.S.C. §§ 544(a) AND (b)(1) AND OHIO REV. CODE § 1336.04(A)(2)

36.     Trustee hereby incorporates all preceding paragraphs by reference as if fully set forth herein.

37.     To the extent one or more of the Transfers was not made on account of an antecedent debt, or was a prepayment for goods and/or services subsequently received or not

subsequently received, the Trustee pleads in the alternative that the Debtors did not receive reasonably equivalent value in exchange for those Transfers; and

    a. The Debtors were insolvent as of the date of the Transfers, or became insolvent as a result of the Transfers; or

    b. The Debtors were engaged, or about to engage, in business or a transaction for which the remaining assets of the Debtors were unreasonably small in relation to the business or transaction; or

    c. The Debtors intended to incur, or believed or reasonably should have believed that it or they would incur, debts beyond its or their ability to pay as they became due.

38. The Transfers were made to Defendant within four (4) years preceding the Petition Date.

39. One or more creditors exist who hold general unsecured claims that are allowable under Section 502 of the Bankruptcy Code and would be entitled to avoid each of the Transfers under Ohio's Uniform Fraudulent Transfer Act. For example, R&L Carriers, Inc. has a claim in the amount of $1,385.83 for debts incurred before the Transfers were made. (See Proof of Claim No. 23). Moreover, the United States of America is also owed debts that would entitle it to avoid the Transfers (See Proof of Claim No. 9).

40. Based upon the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. §§ 544(a) and (b)(1) and Ohio Rev. Code § 1336.04(A)(2).

41. The Trustee respectfully requests entry of an order avoiding and setting aside the Transfers in the amount of $338,280.00.

**<u>COUNT III</u>**
**AVOIDANCE OF CONSTRUCTIVELY FRAUDULENT TRANSFERS**
**PURSUANT TO 11 U.S.C. § 548(a)(1)(B)**

42. Trustee hereby incorporates all preceding paragraphs by reference as if fully set forth herein.

43. To the extent one or more of the Transfers was not made on account of an antecedent debt, or was a prepayment for goods and/or services subsequently received or not subsequently received, the Trustee pleads in the alternative that the Debtors did not receive reasonably equivalent value in exchange for those Transfers; and

    a. The Debtors were insolvent as of the date of the Transfers, or became insolvent as a result of the Transfers; or

    b. The Debtors were engaged, or about to engage, in business or a transaction for which any property remaining with the Debtors or for whose benefit the Transfers were made was an unreasonably small capital; or

    c. The Debtors intended to incur, or believed it or they would incur, debts beyond its or their ability to pay as such debts matured.

44. The Transfers were made to Defendant within two (2) years preceding the Petition Date.

45. Based upon the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

46. The Trustee respectfully requests entry of an order avoiding and setting aside the Transfers in the amount of $338,280.00.

**COUNT IV**
**RECOVERY OF AVOIDED TRANSFERS**
**PURSUANT TO 11 U.S.C. § 550**

47. Trustee incorporates all preceding paragraphs by reference as if fully set forth herein.

48. Defendant was the initial transferee of the Transfers, the immediate or mediate transferee of the Transfers, or the person for whose benefit the Transfers were made.

49. Pursuant to 11 U.S.C. § 550(a), the Trustee is entitled to recover from Defendant all Preferential Transfers or Transfers, as the case may be, and the costs of this action.

WHEREFORE, Robert S. Bernstein, in his capacity as liquidating trustee of the Estate of E-B Display Company, Inc., et al., prays for the following relief against Defendant, Pro Industry US, Inc.:

A. Judgment in favor of the Trustee and against Defendant (1) avoiding the Preferential Transfers or Transfers, as the case may be, and (2) directing Defendant to return to the Trustee the aggregate amount of $338,280.00, pursuant to 11 U.S.C. §§ 544, 547(b), 548, and 550(a), plus the costs of this action; and

B. Granting the Trustee such other relief and further relief as this Court deems just and proper.

Dated: July 5, 2024

BERNSTEIN-BURKLEY, P.C.

By: */s/ Jeffrey C. Toole*
Jeffrey C. Toole, Esquire
jtoole@bernsteinlaw.com
OH ID No. 0064688
Robert S. Bernstein, Esquire
rbernstein@bernsteinlaw.com
PA ID No. 34308
600 Superior Avenue East
Fifth Third Building, Suite 1300
Cleveland, OH 44114
Telephone: (800) 693-4013
Facsimile: (412) 456-8135

*Counsel to the Trustee*